UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ATKINSON CANDY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:02-cv-242-WGH-SEB |
| | ) | |
| KENRAY ASSOCIATES, INC., | ) | |
| CHARLES A. "CHUCK" McGEE, and | ) | |
| KENNETH J. McGEE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JUDSON ATKINSON CANDIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:03-cv-12-WGH-SEB |
| | ) | |
| KENRAY ASSOCIATES, INC., | ) | |
| CHARLES A. "CHUCK" McGEE, and | ) | |
| KENNETH J. McGEE, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFFS' MOTION TO SET ASIDE COVENANT NOT TO
EXECUTE BASED UPON FRAUD IN THE INDUCEMENT**

This matter is before the Honorable William G. Hussmann, Jr., United States

Magistrate Judge, on Plaintiffs' Motion to Set Aside Covenant Not to Execute Based

on Fraud in the Inducement filed January 14, 2011.[1]  (Docket Nos. 162-63 in Cause

No. 4:02-cv-242-WGH-SEB ("the 2002 case"); Docket Nos. 132-33 in Cause No.

---

[1]Pursuant to the consent of counsel and the orders of reference entered by the
Honorable Sarah Evans Barker, District Judge, on January 30, 2004.

4:03-cv-12-WGH-SEB ("the 2003 case"). Defendants filed their Response on March 28, 2011. (Docket No. 173 in the 2002 case; Docket No. 143 in the 2003 case). Plaintiffs' Reply was filed on April 15, 2011. (Docket No. 174 in the 2002 case; Docket No. 144 in the 2003 case). On April 25, 2011, Defendants filed a Motion to Strike and Response to Plaintiffs' Reply. (Docket No. 176 in the 2002 case; Docket No. 146 in the 2003 case).

Plaintiffs Atkinson Candy Company and Judson Atkinson Candies, Inc. (hereafter collectively "Atkinson") filed suit against Defendant Kenray Associates, Inc. (hereafter "Kenray") in Texas in May 2002. Eventually transferred to this court, the cases were consolidated for purposes of trial. While the trial was in progress, and in December 2004, the parties entered into certain agreed judgments. At the same time, the parties entered into a Covenant Not to Execute. Pursuant to the terms of the Covenant Not to Execute, Kenray agreed to actively pursue a coverage action that was pending in the Indiana state court against their insurance agent. Ultimately, in the declaratory judgment action pending in the Indiana state court, the trial court found that there was no insurance coverage, and the court of appeals affirmed.

Atkinson filed a Motion to Set Aside Covenant Not to Execute Based on Fraud in the Inducement. For purposes of this order, the court must address the effect of certain language found in paragraph 9 within the covenant which the Defendants contend is an "integration clause." That clause states: "The parties agree this agreement represents the parties' sole agreement . . . ."

## Conclusions of Law

Atkinson claims that they were fraudulently induced into signing the Covenant Not to Execute at issue in this case. "Fraudulent inducement occurs when a party is induced through fraudulent misrepresentations to enter into a contract." *Lightning Litho, Inc. v. Danka Industries, Inc.,* 776 N.E.2d 1238, 1241 (Ind. Ct. App. 2002). In order to demonstrate fraud, Atkinson must demonstrate:

(1) a material representation of past or existing facts which

(2) was false,

(3) was made with knowledge or reckless ignorance of its falsity,

(4) was made with the intent to deceive,

(5) was rightfully relied upon by the complaining party, and

(6) proximately caused injury to the complaining party.

*Bilimoria Computer Sys., LLC v. America Online, Inc.,* 829 N.E.2d 150, 155 (Ind. Ct. App. 2005). Fraudulent inducement vitiates the contract. A party bringing a claim of fraudulent inducement must elect between two remedies: recision of the contract or damages. *Lightning Litho,* 776 N.E.2d at 1241.

Defendants argue that Atkinson's claim of fraudulent inducement must fail because it is based on oral misrepresentations made by Defendants prior to signing the agreement and that an "integration clause" bars the use of any such prior oral representations.

A writing intended to be a final and complete agreement between two parties is an integration. *Franklin v. White,* 493 N.E.2d 161, 166 (Ind. 1986).

"In general, where the parties to an agreement have reduced the agreement to a written document and have included an integration clause that the written document embodies the complete agreement between the parties . . . the parol evidence rule prohibits courts from considering parol or extrinsic evidence for the purpose of varying or adding to the terms of the written contract." *Krieg v. Hieber,* 802 N.E.2d 938, 943 (Ind. Ct. App. 2004).

An integration clause "express[es] the parties' intention that all prior negotiations, representations, previous communications, and the like are either withdrawn, annulled, or merged into the final written agreement." *Lawlis v. Kightlinger & Gray,* 562 N.E.2d 435, 439 n.1 (Ind. Ct. App. 1990).

An integration clause does not always control whether or not the parties intended a writing to be a completely integrated agreement. *Franklin,* 493 N.E.2d at 166. A court must examine all of the relevant evidence to determine if the parties intended a writing to be totally integrated. *Id.* However,

> [w]here two sophisticated parties engage in extensive preliminary negotiations, an integration clause may, in fact, reflect their mutual intention to abandon preliminary negotiations in favor of a complete and final statement of the terms of their agreement. To decide that an integration clause in a document executed by sophisticated parties was not effective to demonstrate the intentions of the parties would effectively nullify the usefulness of this devise and deprive all contracting parties of the opportunity to employ this drafting technique.

*Prall v. Indiana Nat. Bank,* 627 N.E. 2d 1374, 1377-78 (Ind. Ct. App. 1994)(citation omitted).

The Indiana Court of Appeals in *America's Directories Incorporated, Inc., v. Stellhorn One Hour Photo, Inc.,* 833 N.E.2d 1059, 1067 (Ind. Ct. App. 2005),

determined that, even when a valid integration clause is present in a contract, the parol evidence rule may be used to show that fraud, intentional misrepresentation, or mistake entered into the formation of a contract. However, in *Circle Centre Development Co. v. Y/G Indiana, L.P.,* 762 N.E.2d 176, 179-80 (Ind. Ct. App. 2002), the Indiana Court of Appeals noted that the parties who agree to an integration clause are expressly disclaiming any reliance on prior oral representations. If a court were to allow a party who has disavowed such prior oral representations to then rely on prior representations outside the four corners of the contract, "contracts would not be worth the paper on which they are written." *Id.* at 180 (internal citations and quotations omitted). Therefore, the Indiana Court of Appeals in *Circle Centre* determined that a party who has signed a contract with an integration clause can only be relieved of such a contract by showing fraud in the inducement of the integration clause itself, not the contract generally. *Id.* at 180-81.

## Analysis

### Issue 1:  Does this covenant contain an "integration clause"?

The first question which this court must address is whether the language in the Covenant Not to Execute constitutes a proper integration clause when it says, "The parties agree this agreement represents the parties' sole agreement . . . ." This language does not specifically state that this section of the agreement is intended to be an integration clause. It does not use explicit language which might have been

used to expressly state that any prior representations made by the parties were extinquished.  On the other hand, the Magistrate Judge is unable to ascertain what other purpose existed for incorporating such language into the agreement.

The Magistrate Judge is faced with two choices.  First, the Magistrate Judge could conclude that paragraph 9 is ambiguous – specifically, that reasonable men could differ as to whether the language used in paragraph 9 was intended to be an integration clause.  If he were to do so, he would likely be required to conduct a hearing on the parties' intent when they entered into this agreement.  This is because the parties have specifically addressed ambiguity in the document at paragraph 8, which says:  "The parties have jointly prepared this agreement.  The parties agree that any presumption pertaining to the scrivener drafting of this document shall not apply."

On the other hand, the Magistrate Judge could conclude that paragraph 9 is unambiguous and that it serves no other purpose except to act as an integration clause.  As such, under Indiana law, and specifically under the *Circle Centre Development* case, Atkinson can only be relieved of such a contract by showing fraud in the inducement of the integration clause itself, not the contract generally.

Reading the documents as a whole, the Magistrate Judge will conclude that paragraph 9 is not ambiguous because there is no other purpose existing for such language.  Therefore, paragraph 9 constitutes an integration clause.  Parol evidence will not be heard to vary the terms of the agreement.

**Issue 2:  Can Atkinson demonstrate that there was fraud in the inducement of paragraph 9?**

There is significant conflicting evidence concerning what was represented between the parties at the time the covenant was drafted that has been produced to the court at this time.  The evidence presented does not specifically address the genesis of paragraph 9.

The Magistrate Judge concludes that before he can determine whether to set aside the Covenant Not to Execute, he must conduct a hearing to determine whether Atkinson can show fraud in the inducement of the integration clause itself, and not the contract generally.  Therefore, the motion is **TAKEN UNDER ADVISEMENT** and a **HEARING** for that purpose is hereby set for **THURSDAY, SEPTEMBER 22, 2011,** at **10:00 a.m., New Albany time (EDT),** in Room 200, U.S. Courthouse, New Albany, Indiana.  Absent a showing by Atkinson that there was fraud in the inducement of the clause itself, the integration clause will prohibit the court from doing anything other than enforcing the covenant as written.

**SO ORDERED** the 29th day of June, 2011.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Percy L. Isgitt
LAW OFFICES OF PERCY L. "WAYNE" ISGITT
pisgitt@isgitt-law.com

Eric Thomas Eberwine
WATERS TYLER HOFFMAN & SCOTT
eeberwine@wthslaw.com

Rodney Lee Scott
WATERS TYLER HOFFMAN & SCOTT
rscott@wthslaw.com

Tricia Kirkby Hofmann
WATERS TYLER HOFFMAN & SCOTT
thofmann@wthslaw.com

C. Zan Turcotte
LAW OFFICE OF PERCY L. ISGITT, PC
zturcotte@isgitt-law.com

Derrick H. Wilson
MATTOX MATTOX & WILSON
mmlaw@win.net

D. Bryan Wickens
WARD TYLER & SCOTT
bryan@wardtylerscott.com